BERNSTEIN, J.
I dissent. Under the majority opinion, only the folks
in Beverly Hills and Bel Air, where high walls and locked gates surrounding residences are commonplace, can demonstrate an expectation of privacy in their front yards.
Appellant’s home is a single-family dwelling, set back approximately 100 feet from the street and enclosed by a chain-link fence and gate. The mailbox was located outside the fenced area. Appellant testified to *Supp. 18 arrangements with the milkman and meter readers to come through the gate for business purposes.
Essentially, the determination of the reasonableness of any search turns upon the facts and circumstances of the particular case. (Bielicki v. Superior Court (1962) 57 Cal.2d 602, 605 [21 Cal.Rptr. 552, 371 P.2d 288].)
The trial court ably articulated the problem before it in the instant case as one in which the court was required to factually determine whether or not appellant had a reasonable expectation of privacy in his enclosed front yard, i.e., whether the police officer’s conduct in opening the closed front gate and traversing the yard, without a warrant, consent or exigent circumstances, was an unlawful governmental intrusion into an area where Mendoza had a reasonable expectation of privacy.
The court noted that California had added the right of privacy to its Constitution, and noted the line of cases which hold that observations made by police officers from positions on private property to which they have not been expressly or implicitly invited, are unlawful intrusions when made without a warrant. (Lorenzana v. Superior Court (1973) 9 Cal.3d 626, 634 [108 Cal.Rptr. 585, 511 P.2d 33].)
The trial court reasoned that having a gate across the driveway indicated an expectation that the public “. .. would not be walking back and forth through there uninhibited.”
Furthermore, appellant was in the yard and, the court observed, could easily have been summoned or solicited for permission to enter.
I would leave undisturbed the trial court’s finding that in this case, the expectation of privacy for the front yard was a reasonable one. I do not believe that requiring police officers to get permission where possible, before entering enclosed areas is an unreasonable requirement.
I would affirm the order.